J-S60041-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL PIETRAZAK, | : | |
| | : | |
| Appellant | : | No. 97 EDA 2016 |

Appeal from the Judgment of Sentence September 30, 2015,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0001528-2015

BEFORE:  SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 30, 2016**

Michael Pietrazak (Appellant) appeals from his September 30, 2015 judgment of sentence, which the trial court imposed after Appellant pled guilty to three counts of possession of a controlled substance with intent to deliver (PWID) and two counts of conspiracy.  In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant the petition to withdraw.

The factual basis underlying Appellant's guilty plea provided that "on three different occasions [Appellant] had in [his] possession Oxycodone and … [engaged in] a hand-to-hand transaction with an undercover officer…." N.T., 7/16/2015, at 16.  As a result of these incidents, Appellant was

*Retired Senior Judge assigned to the Superior Court.

arrested and charged with, *inter alia*, three counts of PWID and two counts of conspiracy. On July 16, 2015, Appellant entered an open guilty plea to those offenses. Trial Court Opinion, 1/28/2016, at 1.

On September 30, 2015, Appellant was sentenced to an aggregate term of 54 to 108 months of incarceration to be followed by four years of probation.[1] Appellant timely filed a post-sentence motion arguing that the sentence was "unduly harsh and manifestly excessive." Motion for Reconsideration and Modification of Sentence, 10/9/2015, at ¶ 4. The trial court denied that motion, and Appellant timely filed a notice of appeal.

The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and counsel filed a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4).

The following principles guide our review of this matter:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

---

[1] For the PWID counts, the trial court imposed three sentences of 54 to 108 months of incarceration to run concurrently to each other. The trial court also imposed two sentences of two years of probation on each count of conspiracy to run consecutively to each other. The same day, the trial court conducted probation revocation hearings on three other cases which are not at issue here.

> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).

> Our Supreme Court has clarified portions of the **Anders** procedure:

> Accordingly, we hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the above requirements.[2] Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether

---

[2] Appellant has not responded to counsel's petition to withdraw.

the appeal is in fact wholly frivolous.'" **Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting **Santiago**, 978 A.2d at 354 n. 5).

Counsel presents one issue that arguably supports this appeal. Specifically, counsel raises a challenge to the discretionary aspects of Appellant's sentence.[3]  Appellant's Brief at 2.  The applicable standard of review is as follows.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant.  In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

**Commonwealth v. Antidormi**, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

---

[3] "[W]hile a guilty plea which includes *sentence negotiation* ordinarily precludes a defendant from contesting the validity of his or her sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, *open* plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." **Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa. Super. 2005) (emphasis in original).

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

The record reflects that Appellant timely filed a notice of appeal and that he preserved this issue by including it in his post-sentence motion. Appellant has also included in his brief a statement pursuant to Pa.R.A.P. 2119(f). We now consider whether Appellant has presented a substantial question for our review.

Appellant's 2119(f) statement presents the issue that "the sentences of incarceration imposed herein are harsh and excessive under the circumstances." Appellant's Brief at 4.

The determination of whether a substantial question exists must be made on a case-by-case basis. It is only where an aggrieved party can articulate clear reasons why the sentence issued by the trial court compromises the sentencing scheme as a whole that we will find a substantial question and review the decision of the trial court. This [C]ourt has been inclined to find that a

> substantial question exists where the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms underlying the sentencing process.
>
> Also, a bald allegation that a sentence is excessive does not raise a substantial question.

***Commonwealth v. Lutes***, 793 A.2d 949, 964 (Pa. Super. 2002) (citations omitted).

Because a bald allegation of excessiveness does not raise a substantial question, we agree with counsel that this issue is frivolous. Moreover, looking to the circumstances of this case, we bear in mind that the trial court "sentenced Appellant in the low end of the mitigated range." Trial Court Opinion, 1/28/2016, at 1. Furthermore, Appellant was sentenced to serve his sentences of incarceration concurrently, rather than consecutively. Based on the foregoing, we agree with counsel that any challenge to the discretionary aspects of Appellant's sentence is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." ***Flowers***, 113 A.3d at 1248. Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2016